UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARLON JAMES PETTIEWAY**          :          **DOCKET NO. 2:23-cv-1407**
                                                          **SECTION P**

**VERSUS**                          :          **JUDGE JAMES D. CAIN, JR.**

**W. STRENTH, ET AL**               :          **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on October 3, 2023, pursuant to 42 U.S.C. § 1983 by plaintiff Marlon James Pettieway, who is proceeding pro se and in forma pauperis in this matter. Pettieway is currently incarcerated at the Clay County Detention Center in Liberty, Missouri, but his claims arise out of an incident that occurred while incarcerated at the Calcasieu Correctional Center ("CCC"). He names the following as defendants: W. Strenth, L. Jones, M. Courville, Supervisor Wilcox, Nurse July, John Doe, Deputy Rosenbaum, Mid States Services, Peak, and Warden Nugent.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On January 3, 2023, plaintiff first filed suit in this Court alleging that he was injured when he bit into food that contained a rock and was then denied medical treatment. *Pettieway v. W.*

*Strent, et al*, Docket No. 2:23-cv-00009 (W.D. La. 2023) at doc. 1. While that matter was under review, plaintiff commenced the instant litigation by filing a civil rights complaint raising the same issues and naming the same defendants.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Pettieway has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Duplicative Claim*

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. *Segue v. Carollo*, 2015 WL 2089759 (E.D. La. April 30,

2015), citing *McGill v. Juanita Kraft Postal Serv.*, No. 3:03–CV–1113–K, 2003 WL 21355439, at * 1–2 (N.D. Tex. June 6, 2003)(Ramirez, M.J.), quoting *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989); *Ellis v. American Express Life Ins. Co.,* 211 F.3d 935, 938 n.1 (5th Cir. 2000), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).

Additionally, an *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Because plaintiff's complaint is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." *Moore v. U.S. Marshals Service*, 2010 WL 1978938, citing *Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990).

To the extent that plaintiff seeks injunctive relief, his transfer renders his request moot. *See Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002).

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, as malicious and duplicative, and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 4th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE